UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CERNA-CARRANZA, Darwin Jesus,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Relief Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

Case No.: 3:26-cv-4578-JES-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Darwin Jesus Cerna-Carranza's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents (the "Government") filed a Response, ECF No. 4 ("Res."). For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Honduras, last entered the United States, on or about June 26, 2022. Pet. ¶¶ 2, 11. Shortly thereafter, he turned himself in to U.S. Customs and Border Protection, was briefly held at a shelter, and then released to his father on conditional parole under 8 U.S.C. § ("Section") 1226(a). *Id*. ¶¶ 2, 21; Res. at 1. Since then, Petitioner has continuously resided in the United States. Pet. ¶ 3.

On July 1, 2026, Petitioner was contacted by Immigration and Customs Enforcement ("ICE") during a traffic stop, at which point it was determined that he did not possess valid immigration documents. *Id*. ¶ 4. Petitioner was taken into ICE custody, issued a Notice to Appear, charging him to be removable under INA § 212(a)(6)(A)(i), and has since remained detained at Otay Mesa Detention Center. *Id*. ¶¶ 4, 13–14, 19–20. Petitioner alleges he received no advance written notice that his parole was being revoked, no explanation for that action, and no hearing before his re-detention. *Id*. ¶¶ 85, 90; *see* 8 C.F.R. § 212.5(e)(2).

The Government's Response acknowledges that, under the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026), an unadmitted noncitizen apprehended in the interior of the United States is governed by Section 1226(a), not Section 1225(b). Res. at 1. The Government, further, concedes that Petitioner was previously released from custody on conditional parole under Section 1226(a), and states that it does not oppose the Petition, deferring to the Court on the appropriate relief. *Id*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal

law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Upon review of this record, the Court finds that Section 1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas Petition. *See Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2–3 (S.D. Cal. Oct. 30, 2025). Further, the prudential administrative exhaustion requirement for claims made under 28 U.S.C. § 2241 is excused. *Id*. The Court, therefore, finds that it has jurisdiction to hear the Petition.

It is undisputed that, following his initial encounter with immigration authorities in 2022, the Government released Petitioner from custody on conditional parole. Pet. ¶¶ 2, 21; Res. at 1. The Return, however, is silent as to whether the Government's revocation of Petitioner's parole comports with due process. *See generally* Res. Thus, the questions before the Court are: (1) Did the Government violate Petitioner's due process rights when it re-detained him in July 2026; and (2) if so, what is the appropriate remedy for such conduct.

### A. Respondents Violated Petitioner's Due Process Rights

The Government's decision to grant Petitioner conditional parole reflects a determination that he was neither a danger to the community nor a flight risk. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032, 1034–35 (N.D. Cal. 2025). As a result, Petitioner acquired a protected liberty interest in remaining out of immigration custody, so long as he complied with the conditions of his release. *Id*.

The Due Process Clause permits the Government to deprive a noncitizen of that interest only after affording them advance notice and an opportunity to be heard, with the

Government bearing the burden of proving by clear and convincing evidence that detention is necessary. *See id.* at 1032; *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011).

Petitioner alleges to have complied with the conditions of his release, that he received no notice of revocation, and no opportunity to be heard, before he was re-detained on July 1, 2026. Pet. ¶¶ 14, 16, 85, 90. Critically, the Government's Response does not contest these assertions. *See generally* Res.

The Court, accordingly, finds that Respondents' re-detention of Petitioner in July 2026—without prior notice or a hearing—violated due process. *See Faizyan v. Casey*, No. 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *Perez v. LaRose*, No. 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *4 (S.D. Cal. Nov. 13, 2025).

**B. Petitioner is Entitled to Immediate Release**

Where the Government lacks the lawful authority to detain a noncitizen in the first place—as is the case here—an order directing a bond hearing cannot adequately remedy the harm, because such a hearing "cannot serve as an adequate procedural safeguard" where "it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *see also Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("[E]ven if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

Indeed, the appropriate remedy is restoration of Petitioner's status quo, prior to his re-detention. *Gergawi v. LaRose*, No. 3:25-cv-3352-JES-MMP, 2025 WL 3719321, at *4 (S.D. Cal. Dec. 23, 2025); *Pinchi*, 792 F. Supp. 3d at 1038. The Court, therefore, will **GRANT** the Petition and **ORDER** Petitioner released.

//

//

//

**C. Alternative Grounds for Relief**

In addition to due process grounds, Petitioner alleges that Respondents' actions violated the Fourth Amendment, the Administrative Procedure Act, and other provisions of federal law. Pet. ¶¶ 42–98. Because the Petition is granted on due process grounds, the Court declines to reach Petitioner's alternative grounds for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** the following:

(1) Respondents are **ORDERED** to immediately **RELEASE** Petitioner from custody, under the same conditions as previously imposed, and to **FILE** a Notice of Compliance, no later than **August 24, 2026**, confirming that Petitioner has been released;

(2) Respondents are **ENJOINED** from re-detaining Petitioner unless he is: (1) provided with prior written notice of the grounds for revocation of his release; and (2) a hearing before a neutral decisionmaker, at which the Government shall bear the burden of proving by clear and convincing evidence that detention is necessary; and

(3) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Honorable James E. Simmons Jr.
United States District Judge